# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MID PENN BANK**                                                                    **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO.** 5:23-cv-60-DCB-BWR

**PRINCE PREFERRED HOTELS**
**NATCHEZ d/b/a HAMPTON INN &**
**SUITES**                                                                           **DEFENDANT**

## COMPLAINT

Plaintiff, Mid Penn Bank ("Mid Penn") files this, its Complaint, against Prince Preferred Hotels Natchez d/b/a Hampton Inn & Suites ("Prince Preferred").

## PARTIES

1. Plaintiff Mid Penn is a corporation formed under the laws of Pennsylvania. Its principal place of business is located in Pennsylvania.

2. Defendant Prince Preferred is a limited liability company formed under the laws of Mississippi.

3. Upon information and belief, Sunil Tolani is the sole member of Prince Preferred. Sunil Tolani is an individual and a citizen of California.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the citizenship of the parties is diverse.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d) because, upon information and belief, Prince Preferred previously conducted its business primarily in Natchez, Mississippi and is subject to this Court's personal jurisdiction.

## FACTS

6. Mid Penn Bank is a subsidiary of Mid Penn Bancorp, Inc. that provides voluminous banking and financial services, including the lending and collection of outstanding Paycheck Protection Program ("PPP") loans approved by the U.S. Small Business Administration (the "SBA").

7. Upon information and belief, Prince Preferred is a limited liability company that previously operated as a hotel under the name Hampton Inn & Suites (the "Hotel"). The Hotel is located at 627 S Canal St, Natchez, MS 39120.

8. On or about April 21, 2020, just over a month after the President's declaration of coronavirus as a national emergency, Sunil Tolani submitted an application (the "Application") for a PPP loan on behalf of Prince Preferred.

9. The Application is attached as **Exhibit 1**.

10. The Application requested $110,750.00 to cover payroll, lease/mortgage interest, and utilities. *See* Ex. 1 at 1.

11. Sunil Tolani listed himself as majority owner (51%) and CEO of Prince Preferred and Shreveport Natchez Hospitality, LLC as a minority co-owner (49%) and co-member.[1]

---

[1] Since filing the Application, Sunil Tolani sued Shreveport Natchez Hospitality, LLC in *Tolani v. Shreveport Natchez Hospitality, LLC*, Civil No. 20-00730 2022 WL 14369489 (W.D. La. 2022), in which Shreveport Natchez conveyed all its ownership interest to Sunil Tolani.

12. Before approval, the Application required Prince Preferred to answer the following question:

> Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government?

*See* Ex. 1 at 1.

13. If the applicant answered "yes" to the inquiry, the Application's terms expressed that the PPP loan request would be denied. *See* Ex. 1 at 1.

14. Prince Preferred answered "no" to it or any of its owning companies ever defaulting on a loan from the SBA within the preceding seven years. *See* Ex. 1. at 1.

15. On or about May 6, 2020, the SBA approved Prince Preferred's Application for a $110,750.00 PPP loan (the "Note") with an interest rate of one percent (1.00%) per annum.

16. The Note is attached as **Exhibit 2**.

17. The Note listed Riverview Bank as Prince Preferred's lender.[2] *See* Ex. 2 at 1.

18. The Note's Payment Terms stated, "All certifications, warranties, and commitments made by Borrower in its PPP Borrower Application Form are incorporated herein and reaffirmed." *See* Ex. 2 at 2.

19. The Payment Terms further provided:

> During the first six (6) months, Borrower agrees to promptly pursue forgiveness of the loan represented by this Note ("PPP Loan") to the maximum extent in accordance with the SBA's rules and standard operating procedures relating to the PPP. Borrower will apply for loan forgiveness by submitting to Lender all relevant records and documents evidencing Borrower's expenditures and eligibility for forgiveness of the Loan.

---

[2] On or about December 1, 2021, as part of Mid Penn Bancorp, Inc.'s major acquisition of Riverview Financial Corporation, Mid Penn Bank acquired one of Riverview Financial Corporation's subsidiaries, Riverview Bank.

> . . .
>
> Note that loan forgiveness is not guaranteed whatsoever by Lender, and is subject to SBA's approval and reimbursement to Lender.

*See* Ex. 2 at 2.

20. The Payment Terms also included a timeline for repayment:

> At seven (7) months from the Date of the Note, Borrower will begin making monthly payments of principal plus interest on the indebtedness due under this Note that has not been forgiven or otherwise reimbursed to Lender by the SBA, in eighteen (18) equal monthly payments calculated by Lender. All amounts due in connection with this Note, including all principal, interest, and other fees and charges, shall be due and payable at twenty four (24) months from the Date of this Note.

*See* Ex. 2 at 2.

21. In addition to the annual interest rate of one percent (1.00%), the Note permitted the lender to charge Prince Preferred a late fee of up to five percent (5.00%) on any unpaid portion of a regularly scheduled payment that is more than 10 days late. *See* Ex. 2 at 2.

22. The Note incorporated grounds for default, including if Prince Preferred or any of its operating companies did, among other things, any of the following:

- Does not make a payment when due under this Note. *See* Ex. 2 at 3;

- Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA. *See* Ex 2 at 3.; or

- Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA. *See* Ex 2 at 3.

23. All the Note's terms applied to both Prince Preferred's and Riverview Bank's successors and assigns. *See* Ex. 2 at 4.

24. On or about May 6, 2020, Sunil Tolani, acting as CEO, executed the Note on behalf of Prince Preferred. *See* Ex. 2 at 6.

25. Upon information and belief, Prince Preferred applied for loan forgiveness prior to the loan's maturity date.

26. On or about December 8, 2021, the SBA notified Mid Penn Bank via email that it denied Prince Preferred's application for PPP loan forgiveness due to defaulting on a prior SBA loan within the seven years preceding the Application date.

27. The SBA email is attached as **Exhibit 3**.

28. Specifically, the letter explained:

> We are in concurrence with the recommendation of Denial due to the Borrower having defaulted and caused a loss on a [sic] SBA loan in the past 7 years. SBA loan # 5278255505- went into liquidation on 6/10/2019 and also SBA #2965786505 In Liquidation Date 12/1/2013 per ETRAN.

*See* Ex. 3 at 1.

29. Upon information and belief, Prince Preferred requested that the SBA reconsider its application for loan forgiveness.

30. On or about January 2, 2023, the SBA concurred with its decision to deny the forgiveness, and included additional circumstances:

> I concur with the guaranty purchase denial recommendation. The documentation the lender provided does not match SBA Etran records. Specifically the EIN for the borrower does not match and the 2483 lists two owners and the SS4 from the IRS states the EIN belongs to a Sole Member.

*See* SBA's second rejection letter attached as **Exhibit 4**.

31. Because the SBA completely denied Prince Preferred's loan forgiveness, Prince Preferred automatically became solely responsible for the entire unpaid balance plus interest pursuant to the Note. *See* Ex. 2 at 2.

32. Prince Preferred's loan matured and became payable in full, pursuant to the Note, on May 6, 2022. The Account Transcript showing the loan's transactional history and maturity date through May 17, 2022, is attached as **Exhibit 5**.

33. However, because Prince Preferred misrepresented that it had not defaulted on an SBA loan within the preceding seven years of the application date and reaffirmed its misrepresentation by executing the Note, Prince Preferred defaulted on its PPP loan with Mid Penn as the successor of Riverview Bank. *See* Ex. 2 at 4.

34. Accordingly, Prince Preferred's loan became due in full on December 8, 2021, when SBA notified Mid Penn of its decision to reject loan forgiveness due to Prince Preferred's prior default.

35. Prince Preferred failed to make any payment toward the loan.

36. On or about April 24, 2023, Mid Penn sent a demand letter to majority owner Sunil Tolani addressing Prince Preferred's unpaid balance, including interest. Extending grace, Mid Penn only calculated interest from the Note's maturity date[3], absolving any interest accrued from the December 8, 2021, default date due to Prince Preferred's misrepresentations. Mid Penn gave Prince Preferred ten (10) days to respond and amicably discuss repayment of the loan.

37. The demand letter is attached as **Exhibit 6**.

38. Prince Preferred failed to respond to the demand letter.

39. Because Prince Preferred has neither made any payment toward the outstanding balance nor communicated any arrangement to repay the loan, Mid Penn now seeks the entire unpaid balance plus interest accruing from December 8, 2021.

---

[3] The demand letter includes a typographical error, stating the maturity date was April 6, 2022, as opposed to May 6, 2022. Despite the error, the maturity date had still passed at the time of the demand letter and awarded Prince Preferred a lesser payoff balance.

40.     The Principal Amount remains as the full $110,750.00.

41.     Interest is currently accruing at one percent (1.00.%) per annum and will continue to accrue until the balance is paid in full.

42.     Interest on the late payments is currently accruing at five percent (5.00%) on late payments and will continue to accrue until the balance is paid in full.

43.     The Note also permits Mid Penn to recover attorneys' fees and costs related to the collection of any unpaid balance in relation to the Note. *See* Ex. 2 at 4.

## COUNT I – BREACH OF CONTRACT

44.     Mid Penn incorporates its allegations asserted in the previous paragraphs.

45.     A valid contract existed between Mid Penn and Prince Preferred in which Mid Penn loaned Prince Preferred $110,750.00.

46.     Prince Preferred breached that contract by repeatedly misrepresenting that it did not default on a prior SBA loan within the seven years preceding the Application date when it, in fact, did.

47.     Prince Preferred further breached the contract by failing to repay the loan.

48.     Mid Penn has suffered damages as a result of Prince Preferred's breach.

49.     Mid Penn is entitled to recover from Prince Preferred the outstanding principal balance of Prince Preferred's PPP loan, accruing interest, including late fees, and attorneys' fees and other costs of collection as a result of Prince Preferred's breach.

## COUNT II – UNJUST ENRICHMENT

50.     Mid Penn incorporates its allegations asserted in the previous paragraphs.

51.     Prince Preferred obtained a $110,750.00 PPP loan from Mid Penn.

52.     Prince Preferred received the benefit of the loan without repaying Mid Penn.

53. It would be unjust for Prince Preferred to maintain the benefit of the money loaned by Mid Penn without repaying Mid Penn.

ACCORDINGLY, Mid Penn respectfully requests that the Court enter a judgment in Mid Penn's favor and against Prince Preferred, making the Defendant liable to Mid Penn for the following relief:

(i) the Principal Amount;

(ii) accrued late payment interest;

(iii) pre and post judgment interest;

(iv) attorneys' fees and other costs of collection Mid Penn incurs to collect the amounts owed to Mid Penn; and

(v) any other relief that the Court deems appropriate.

Dated: June 13, 2023.

Respectfully submitted,

MID PENN BANK

BY: /s/La'Toyia J. Slay
LA'TOYIA J. SLAY (MSB NO. 104804)
BRIANNA N. CALDWELL (MSB NO. 106461)

ITS ATTORNEYS

OF COUNSEL:

LA'TOYIA J. SLAY (MSB NO. 104804)
BRIANNA N. CALDWELL (MSB NO. 106461)
BUTLER SNOW LLP
Suite 1400
1020 Highland Colony Parkway
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel: (601) 948-5711
Fax: (601) 985-4500
E-mail: La'Toyia.Slay@butlersnow.com
E-mail: Brianna.Caldwell@butlersnow.com

80017668.v1